THE LAW AND ORDER SOCIETY, a corporation of the State of Delaware, *vs.* THE MAYOR AND COUNCIL OF WILMINGTON, DELAWARE.

*Case Stated—City of Wilmington—Law and Order Society—Fines, Penalties and Forfeitures ; To Whom Payable—Statute — Charter—Ordinance.*

Under the statute passed May 26, 1897, the Law and Order Society of the City of Wilmington is entitled, in cases where evidence to secure the conviction is produced and furnished by said society, not only to one-half of the fines imposed for the sale of intoxicating liquors without a license, but also to one-half of other fines imposed under the charter and ordinances of said city, notwithstanding *Section 148* of the *City Charter.*

*(June 9, 1903.)*

LORE, C. J., and GRUBB and PENNEWILL, J. J., sitting.

*William S. Prickett* for plaintiff.

*David J. Reinhardt,* City Solicitor, for defendant.

Superior Court, New Castle County, May Term, 1903.

CASE STATED (No. 224, May Term, 1903).

LORE, C. J.:—The plaintiff claims in this action one-half of certain fines imposed by the Municipal Court for the City of Wilmington, under an act of the General Assembly passed at Dover, May 26, 1897, which gave to the plaintiff " one-half of all the fines, penalties and forfeitures imposed and collected in any county in this State, where evidence to secure the conviction shall be produced and furnished by the Law and Order Society of Wilmington, a corporation of the State of Delaware, or its agent or agents."

A part of the said fines was imposed for the sale of intoxicating liquors without a license, under *Section 29, Chap. 413, Vol.*

*14, Laws of Delaware.* The plaintiff's right to one-half of these fines is not denied by defendant.

The residue of the fines claimed which were for keeping an assignation house and houses of ill-fame, were imposed under the charter and ordinances of the said city. The defendant claims that the last-named fines belonged to the city under Section 148 of the City Charter, which is as follows:

"All fines and forfeitures incurred under this act, or under any ordinance of the said city, shall, *except in cases otherwise provided for by law,* be enforced, collected and paid into the city treasury for the use of the corporation."

In our judgment the Legislature was acting within the exception above named in Section 148 of the said charter, when it gave the one-half of the fines to the plaintiff in the cases named in the act of May 26, 1897. That the exception applies not only to laws then in existence but also to such as might be passed thereafter in pursuance thereof.

Our opinion therefore is that the plaintiff is entitled to one-half of all the fines claimed in the case stated.